[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION COUNT TWO
In its earlier Memorandum of Decision in this case, dated August 6, 1991, following the hearing on the matter beginning on June 24, 1991, the court dissolved the marriage of the parties, entered certain orders and retained jurisdiction over a claim by the plaintiff that the defendant transferred certain property he owned to his sister, that this was done fraudulently to prevent the plaintiff from receiving her equitable interest in the property.
The property involved contains 14.3 +/- acres of land in Sheldon. It was owned by the defendant's father, Charles Ovesny. He CT Page 2439 transferred it to his three children, Debra J. Opalinski, Charles J. Ovesny, Jr., the defendant, and Alan M. Ovesny, as tenants in common, by a quitclaim dated May 14, 1988. It was recorded in the land records of Shelton on May 20, 1988. Debra J. Opalinski testified that the transfer from the father to her and her two brothers was made because the father was involved in a law suit with his brother.
The parties in this case had intermarried in Monroe on March 23, 1979.
On December 9, 1989, the defendant conveyed his interest in the 14.3 +/- acres to his sister, Debra J. Opalinski, by a quit claim deed. This transfer was recorded in the land records of Shelton on December 12, 1989.
The writ in this case is dated January 17, 1990, was served on the defendant January 21, 1990 and was filed in court on January 26, 1990.
Debra J, Opalinsky testified concerning the matter that she did not know about the deed to her from the defendant of his interest in the property at the time it was done and, in fact, did not learn of it until about one month later. She said she did not pay any money for the property which the defendant transferred to her, did not pay any taxes on it and did not have anything to do with the property.
In the earlier hearing beginning June 24, 1991, the plaintiff testified that the defendant said to her that he had transferred his interest in the property to his sister so that the plaintiff could not "screw" him out of anything. The court noted in its earlier Memorandum of Decision dated August 6, 1991 that the defendant did not deny that he had made that statement during the first hearing and the court also noted that in the later hearing on this count the defendant did not deny he made that statement.
The court finds as a fact that the defendant conveyed his interest in the 14.3 +/- acres to his sister on December 9, 1989 fraudulently, that this fraud was directed at the plaintiff and was intended to prevent the plaintiff from recovering any of the defendant's interest in the 14.3 +/- acres.
The court completes its rulings in the divorce phase of the case by awarding to the plaintiff the defendant's interest in the CT Page 2440 14.3 +/- acres The plaintiff's attorney is directed to prepare and to file with the court any documents necessary to effectuate these rulings of the court, for execution by the court and recording in the land records of Shelton.
The court also awards to the plaintiff $4,430.80, the fee of the plaintiff's attorney for handling this whole case. The court finds that this fee is fair and reasonable under the circumstances. It shall be paid by the defendant within the next thirty days.
THOMAS J. O'SULLIVAN, TRIAL REFEREE